**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUKE WAINE CAINES, Jr., | No. 20-55597 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-00666-PA-KS |
| v. | |
| M. INTERIAN, Dr., DDS, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

California state prisoner Luke Waine Caines, Jr. appeals pro se from the

district court's dismissal of (1) his claim under 42 U.S.C. § 1983 alleging

deliberate indifference to a serious medical need with prejudice and (2) his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

associated state law claims without prejudice. We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal of Caines's federal claim de novo, *see Kennedy v. S. Cal. Edison, Co.*, 268 F.3d 763, 767 (9th Cir. 2001), and for abuse of discretion the district court's decision to decline to exercise supplemental jurisdiction over his state law claims after dismissing his federal claim. *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010). We affirm.

The district court properly dismissed Caines's claim of deliberate indifference to a serious medical need because Caines did not allege facts sufficient to state a plausible claim. It is not enough to allege that Interian should have known that Caines suffered from a bone spicule and oroantral fistula—to sustain a claim the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Nor does an official violate a prisoner's Eighth Amendment rights when prescribing a medication that he has no reason to believe will result in an adverse reaction. *Toguchi v. Chung*, 391 F.3d 1051, 1059–60 (9th Cir. 2004). Finally, Caines's allegations of a delay in surgery, without any evidence that the delay "caused

2

substantial harm," cannot support a deliberate indifference claim. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

The district court did not abuse its discretion in dismissing Caines's state law claims for lack of supplemental jurisdiction after dismissing his constitutional claim. *See San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 & n. 12 (9th Cir. 1998) (quoting 28 U.S.C. § 1367(c)). Even if we were to construe Caines's claims as constitutional claims, as he argues, the district court was correct to dismiss them. Negligence is not a sufficient ground for a constitutional violation, *Toguchi*, 391 F.3d at 1057, and Caines's alleged "mental and emotional injury," does not rise to the level of a "serious medical need." *Doty v. Cty. of Lassen*, 37 F.3d 540, 546 & n.3 (9th Cir. 1994) (mental health conditions must also reach the requisite level of seriousness).

**AFFIRMED.**